IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

TONYA HALL                                                                                    PLAINTIFF

v.                                              No. 5:16-CV-00142-KGB-JTK

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration                                                                DEFENDANT

## RECOMMENDED DISPOSITION

### INSTRUCTIONS

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine Baker. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### REASONING FOR RECOMMENDED DISPOSITION

Tonya Hall applied for social security disability benefits with an alleged onset date of March 1, 2012. (R. at 64). Her date last insured (DLI) is June 30, 2013. (R. at 63). After a hearing, the administrative law judge (ALJ) denied her application. (R. at 26). The Appeals Council denied Hall's request for review. (R. at 1). The ALJ's decision now stands as the Commissioner's final decision, and Hall has requested judicial review.

For the reasons stated below, the magistrate judge recommends reversing and remanding the Commissioner's decision.

**I.     The Commissioner's Decision**

The ALJ found that Hall had the severe impairments of seizure disorder, sleep apnea, peripheral neuropathy, status-post meniscus repair in left knee, obesity, pain disorder, depressive disorder NOS, and anxiety disorder NOS. (R. at 16). The ALJ then found that Hall had the residual functional capacity (RFC) to perform light work, except that she can only occasionally climb stairs, kneel, and crawl; can never climb ladders; must avoid hazards such as machinery and unprotected heights; is limited to unskilled work; is able to understand, remember, and carry out simple instructions and perform tasks by rote; is limited to interpersonal contact that is incidental to the work performed; and requires supervision that is simple, direct, and concrete. (R. at 19). The ALJ took testimony from a vocational expert (VE) and determined that the RFC rendered Hall unable to perform her past relevant work as an activities director, insurance agent, or substitute teacher/teacher aide. (R. at 24–25). The VE then testified that Hall could perform other jobs such as cleaner or polisher. (R. at 26). The ALJ therefore held that Hall was not disabled. (R. at 26).

## II.   Discussion

The Court is to affirm the ALJ's decision if it is not based on legal error and is supported by "substantial evidence in the record as a whole," which is more than a scintilla but less than a preponderance. *Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997). The Court considers evidence supporting and evidence detracting from the Commissioner's decision, but it will not reverse simply because substantial evidence could support a different outcome. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).

**Hall argues that the ALJ failed to properly** consider and grant weight to the opinion of her treating physician. Hall's neurologist, Ghulam M. Khaleel, M.D., opined that Hall was not employable due to her impairments. (R. at 519).

Hall argues that the ALJ failed to consider Dr. Khaleel's opinion concerning her sleep apnea and neurpoathy. Indeed, the ALJ's discussion of Dr. Khaleel's opinion omits any discussion of his opinions and treatment of those impairments, only mentioning his treatment and opinion of her seizures. (R. at 24). This failure tends show that the ALJ did not fully consider Dr. Khaleel's opinion.

The ALJ also stated that Dr. Khaleel's opinion was inconsistent with the record as a whole. (R. at 24). However, the ALJ did not identify any specific inconsistencies. The ALJ noted that Dr. Khaleel had only seen Hall twice in 2013 and noted that the visits occurred after Hall's DLI. (R. at 24). However, Dr. Khaleel's treating relationship began much earlier, with records going as far back as March 22, 2011. (R. at 317). While the opinion is dated September 2013, it indicates that it is drawn from this long doctor/patient relationship, not merely from the two visits occurring in that year. (R. at 519). "A treating physician's opinion should not ordinarily be disregarded and is entitled to substantial weight." *Singh v. Apfel*, 222 F.3d 448, 452 (8th Cir. 2000). Furthermore, the ALJ must give good reasons for rejecting a treating physician's opinion. *Hamilton v. Astrue*, 518

F.3d 607, 610 (8th Cir. 2008). In this case, the ALJ did not provide good reasons for rejecting the opinion of a treating physician.

The Commissioner argues that Dr. Khaleel's opinion is not entitled to substantial weight because Dr. Khaleel stated that Hall was not employable, and such a determination is left to the Commissioner. This argument fails for two reasons. First, the ALJ did not articulate this reasoning in the opinion. Second, the opinion is not merely a conclusory statement. Dr. Khaleel describes Hall's impairments and has an extensive treating history with her. While the ALJ need not give weight to the portion of Dr. Khaleel's opinion describing Hall as unemployable, there was more to his opinion than that statement. His opinion should have been more thoroughly discussed and considered.

### III.     Recommended Disposition

The ALJ failed to properly consider the opinion of Hall's treating physician. For this reason, the undersigned magistrate judge recommends REVERSING and REMANDING the decision of the Commissioner with instructions to develop the record as necessary and to fully and properly evaluate the opinions of Hall's medical providers.

Dated this 24th day of May, 2017.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE